ANTHONY Q. SANDERS
PO Box 827
Hagatna, Guam 96932
Plaintiff Pro Se

FILED
DISTRICT COURT OF GUAM
FEB -5 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT
OF GUAM

| | |
|---|---|
| ANTHONY Q. SANDERS,<br><br>                Plaintiff,<br>vs.<br><br>GOVERNMENT OF GUAM,<br>  a Public Entity<br>DOES 1 THROUGH 10, INCLUSIVE;<br><br>                Defendants<br>_____/ | CIVIL CASE NO. 07-00001<br><br>VERIFIED COMPLAINT<br>FOR DAMAGES FOR<br>VIOLATION OF TITLE VII,<br>42 U.S.C. §2000e;<br>NEGLIGENCE;<br>BREACH OF IMPLIED<br>COVENANT OF GOOD FAITH<br>AND FAIR DEALING;<br>BREACH OF CONTRACT;<br>INTENTIONAL INFLICTION<br>OF EMOTIONAL DISTRESS |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 and is brought in response to unlawful employment practices on bases including but not limited to discrimination. The Defendant(s) wrongfully failed to promote Plaintiff in his position of employment with Defendant(s) due to discrimination and other unlawful employment practices as detailed further herein.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e, *et seq.*

2. Within 180 days after the alleged unlawful employment practice hereinafter set forth, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission satisfying the requirements of 42 USC § 2000e-

5, and on or after November 7, 2006, less than 90 days prior to the filing of this Complaint, the Plaintiff received a Notice of Rights letter from the Commission with respect to commencing this action based on the charges set forth below.

## PARTIES

3. Plaintiff at all times relevant herein was and is a resident of Guam and was employed by the Defendant GOVERNMENT OF GUAM at the PORT AUTHORITY OF GUAM (hereinafter, "PAOG") at all relevant times herein.

4. At all times material herein, Defendant GOVERNMENT OF GUAM (hereinafter, "GOVGUAM") was and is a public entity organized and existing under the laws of and in the Territory of Guam, as a territory of the United States of America, and pursuant to the Organic Act of Guam, and has its principal place of business in the Territory of Guam within this judicial district. Furthermore, and at all relevant times, this Defendant employs in excess of five hundred (500) employees and at all relevant times, and has been a covered entity under 42 USC 2000e(a),(b),(c), or (d).

5. At all times mentioned herein, any such relevant PAOG employees were acting within the course and scope of their employment, and as such, Defendant GOVGUAM is fully liable for all the acts of it's employees under the doctrine of Respondeat Superior.

6. Certain Defendants are sued herein as DOE Defendants because their identities are not yet known. If and when such identities become known, Plaintiff will name any such Defendants in the place and staid of DOE Defendants.

7. Plaintiff is also informed and believe and thereupon allege, that at all times mentioned herein, that each of said Defendants, including all DOE Defendants, are jointly and severally liable as the principal, officer, agent, master, servant, employer, employee and partner of each of the remaining Defendants and was in doing the acts complained of herein, acting within the scope of his, her or its said agency, employment or partnership.

8. At all times material herein, 42 U.S.C. §2000e et. seq. has been fully in force and effect and binding upon Defendant. Such section requires Defendant to refrain from violating the rights of any of its employees.

## BACKGROUND

9. Prior to his wrongful discrimination, Plaintiff had been employed by the Defendant since November 30, 1997, and was an employee within the meaning of 42 U.S.C. §2000e(f).

10. On or about November 30, 1997, Defendant asked Plaintiff and Plaintiff agreed to work for Defendant.

11. Plaintiff entered into performance of this employment agreement in November 1997 and devoted his time, energy and best judgment exclusively to the best interests of Defendant.

12. From November 1997 until the present, pursuant to the employment agreement, Plaintiff continued to work and perform work on behalf of Defendant,

**COMPLAINT FOR DAMAGES**
**Page 4**

following a daily schedule of hours for reporting to work and performing other tasks of an hourly employee and other errands and duties as assigned.

13. Plaintiff continued in the service of Defendants and performed all of the conditions of the agreement until the present.

14. On or about May 6, 2003, Defendant failed and refused to comply with the terms and conditions of the aforementioned agreement, although Plaintiff has performed all of the terms and conditions of the agreement to be performed on Plaintiff's part.

15. On or about May 6, 2003, Defendant GOVGUAM wrongfully failed to promote and to pay Plaintiff.

16. Defendants wrongfully discriminated against Plaintiff by failing to promote and to pay Plaintiff based on his race.

17. During all relevant times, GOVGUAM management personnel were very much aware of the discrimination against the Plaintiff, yet ignored the discrimination, continued to fail to adequately supervise the workplace, or to train employees to prevent such discrimination in the workplace.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF TITLE VII AGAINST DEFENDANT GOVGUAM

18. Plaintiff repeats and realleges each and every previous paragraph of his Complaint as though fully set forth here at length.

19. The result of Defendant's actions described above has been the deprivation of Plaintiff's civil rights of equal employment opportunity.

20. Furthermore, as a proximate result of the Defendant(s) wrongful conduct, Plaintiff suffered and continues to suffer from loss of past, present and future wages, loss of employment benefits including lost value of retirement benefits and defense costs of this action, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

21. As a further direct and proximate result of the wrongful conduct of the Defendant(s), Plaintiff has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION FOR NEGLIGENCE

22. Plaintiff repeats and realleges each and every previous paragraph of his Complaint as though fully set forth here at length.

23. At all times relevant herein, Defendant GOVGUAM had a duty to supervise and control the conduct and actions of its employees and ensure that the rights of employees with regards to matters including but not limited to discrimination were not violated.

24. Defendant GOVGUAM and its employees were negligent in their supervision and in the aforementioned conduct towards Plaintiff.

25. As a proximate result of the Defendant GOVGUAM's negligence, Plaintiff has suffered and continues to suffer from loss of past, present and future wages, loss

employment benefits including the lost value of retirement benefits and costs of this lawsuit, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

26. As a further direct and proximate result of the negligence of the Defendant on the aforementioned date, Plaintiff has been damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

27. Plaintiff repeats and realleges each and every previous paragraph of his Complaint as though fully set forth here at length.

28. In acting as alleged herein, Defendants have wrongfully and unreasonably breached express and implied promises and its duty implied in its employment agreement with Plaintiff to deal fairly and in good faith with Plaintiff.

29. As a direct and legal result of the conduct of Defendants, Plaintiff sustained substantial economic losses, including past and future compensation, other economic benefits, attorney's fees and litigation expenses. Plaintiff has also sustained loss of financial stability, peace of mind, and future security and has suffered embarrassment, humiliation, mental and emotional distress and discomfort, all to his detriment and damage in an amount to be proven at trial.

30. Defendants' conduct was and is willful and malicious and thereby entitles Plaintiff to recovery of exemplary and punitive damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION FOR
## BREACH OF CONTRACT

31. Plaintiff repeats and realleges each and every previous paragraph of this Complaint as though fully set forth here at length.

32. At all times relevant to this action, Defendant has represented to its employees in various writings, including but not limited to, Employment Agreements, Employment Handbook, past practices, personnel policy and procedure communications, and employee guidelines, that their employment relationship with Defendant would be based upon good faith and performance (merit), qualifications and seniority, and that employees would be treated fairly and equitably, receiving just compensation for their services rendered to Defendant, and would not be terminated except for cause and without justification for discipline or discharge, and after conduction of a reasonable investigation, after providing fair and reasonable notice, an opportunity to correct deficiencies, and the application of progressive discipline. These provisions and representations contained in the Defendant's Employment Agreements, Employment Handbook, past practices, personnel policy and procedure communications, and employee guidelines, all form part of Plaintiff's express employment contracts with Defendant.

33. Prior to Defendant's wrongful discrimination, Plaintiff had performed all conditions, covenants, promises, duties and responsibilities required of Plaintiff to be performed in accordance and conformity with their employment contracts.

34. On or about May 6, 2003, Defendant breached Plaintiff's employment contracts and wrongfully discriminated against Plaintiff in violation of its representations described above.

35. As a proximate result of Defendant's actions, Plaintiff has suffered and continue to suffer substantial losses in earnings, job experience, and other employee benefits that they would have received absent Defendant's breach, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff repeats and realleges each and every previous paragraph of this Complaint as though fully set forth here at length.

37. Defendants, in committing the above-described acts, intended to, and did, inflict severe emotional distress upon Plaintiff. Defendant acted with a reckless disregard for the probability of causing emotional distress to Plaintiff.

38. As a direct result of the outrageous acts and omissions and conduct by Defendant against Plaintiff, Plaintiff became physically distraught and sustained shock to his nervous system and suffered severe emotional distress, all resulting in damages to Plaintiff in an amount to be proven at trial.

## PRAYER

WHEREFORE, Plaintiff prays for relief against the Defendant(s) as follows:

1. For all Counts, for General and Special or Exemplary Damages in an amount to be proven at trial;

2. For costs of suit, attorney fees, and pre-judgment interest as provided for in 42 U.S.C. § 2000e-5(k); and

3. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: 02/05/07 . By: *[signature]*
ANTHONY Q. SANDERS

## VERIFICATION

GUAM ) 
 ) ss:
CITY OF TAMUNING )

I, ANTHONY Q. SANDERS, being first duly sworn, depose and state that I am the Plaintiff in the above-entitled action and that I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge except as to those matters which are therein alleged upon information and belief, and, as to those matters, I believe them to be true.

Dated: 02/05/07 *[signature]*
ANTHONY SANDERS

GUAM )
 ) ss:
CITY OF TAMUNING )

SUBSCRIBED AND SWORN to before me this 5 day of February, 20 07.

*[signature]*
NOTARY PUBLIC

JOLENE M.C. QUICHOCHO
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: May 22, 2010
201 IRIS Building Tamuning, Guam 96913

9