

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

**Attorneys for the Government of Guam**

FILED
DISTRICT COURT OF GUAM
FEB 26 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| ANTHONY Q. SANDERS,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, a Public Entity DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Civil Case No. CV07-00001<br><br>**ANSWER OF DEFENDANT GOVERNMENT OF GUAM** |

Defendant Government of Guam, by counsel, the Office of the Attorney General, answers plaintiff's complaint in the above-captioned action as follows:

////

////

**FIRST DEFENSE**

**Jurisdiction**

1. Answering the allegations contained in paragraph 1 of plaintiff's complaint, denies this Court has jurisdiction pursuant to 28 U.S.C. §§ 1341, 1343 or 42 U.S.C. § 2000e, *et seq.*; alleges this Court lacks subject matter jurisdiction.

2. Answering the allegations contained in paragraph 2 of plaintiff's complaint, defendant denies the allegation contained in paragraph 2 that within 180 days after the alleged unlawful employment practice set forth in plaintiff's complaint the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("Commission") satisfying the requirements of 42 USC § 2000e- 5; alleges plaintiff filed such charge of discrimination with the Commission untimely on or about May 6, 2005 a date more than 180 days after the alleged unlawful employment practice complained of at complaint ¶¶ 14, 15 and 34 allegedly occurred, to wit, May 6, 2003; alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 2 of the complaint that on or after November 7, 2006, less than 90 days prior to the filing of his complaint, the plaintiff received a "Notice of Rights" letter from the commission with respect to commencing this action; alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 2 of the complaint the Notice of Rights letter from the Commission with respect to commencing this action was based on the charges set forth in plaintiff's complaint; alleges this Court lacks jurisdiction over the subject matter of federal claims alleged by plaintiff based on his untimely filing of charge with the Commission.

**Parties**

3. Answering the allegations contained in paragraph 3 of plaintiff's complaint, is informed and believes and thereon admits plaintiff at all times relevant was and is a resident of Guam; alleges at all times relevant plaintiff was and is an employee of the Jose D. Leon Guerrero Commercial Port (the "Port"), formerly known as and commonly referred to as the Port Authority of Guam, a public corporation and autonomous instrumentality of the government of Guam and, as such, authorized to sue and be sued in its own name.

4. Admits the truth of the allegations contained in paragraph 4 of plaintiff's complaint.

5. Alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 6, and 7 of plaintiff's complaint.

6. Admits the truth of allegations contained in paragraph 8 of plaintiff's complaint that at all times material 42 U.S.C. §2000e *et seq*. has been fully in force and effect and binding upon defendant; admit such section requires defendant to refrain from violating certain rights of its employees to the extent provided therein; otherwise denies the allegations contained in paragraph 8 of plaintiff's complaint.

**(Background)**

7. Answering the allegations contained in paragraphs 9, 10 and 11 of plaintiff's complaint, defendant admits and alleges plaintiff, following application made by plaintiff for a Stevedore position in a competitive process described in and required by the Port's Personnel Rules and Regulations, was employed by the Port on or about November 30, 1997 as a Stevedore and was and remains an employee of the Port within the meaning of 42 U.S.C.

§2000e(f); alleges at all times relevant from and since about November 30, 1997 plaintiff's employment by and at the Port has been and is subject to applicable laws and regulations of the United States and of the territory of Guam including, but not limited to, Personnel Rules and Regulations of the Port approved by the Guam Civil Service Commission, which laws and regulations collectively may be deemed to constitute the "employment agreement" referred to by plaintiff; alleges it is without sufficient information or belief to answer the allegation contained in paragraph 11 of plaintiff's complaint that plaintiff devoted his time, energy and best judgment exclusively to the best interest of defendant; denies the remaining allegations contained in paragraphs 9, 10 and 11 of plaintiff's complaint.

8. Admits the truth of the allegations contained in paragraph 12 of plaintiff's complaint.

9. Answering the allegations contained in paragraphs 13, 14, 15, 16 and 17 of plaintiff's complaint, admits the truth of the allegation contained in paragraph 13 of plaintiff's complaint that plaintiff continued in the service of the Port; by way of answer to the allegation contained in paragraph 13 of plaintiff's complaint that plaintiff performed all of the conditions of the agreement until present defendant alleges that for the first six months of plaintiff's initial employment plaintiff satisfactorily served and completed a probationary period obtaining permanent status under the merit system of the Port; on or about October 21, 2002, plaintiff was selected to fill, and was promoted to, an Administrative Aide position under the Port's Job Announcement No. 14-02; said position of Administrative Aide was developmental to the position of Marine Traffic Controller with reclassification to the position of Marine Traffic controller subject to obtaining certain qualifications while underfilling such Marine Traffic

Controller position; for an Administrative Aide subsequently to be reclassified to a Marine Traffic Controller position he must be performing the duties of that position and meet certain qualification requirements, to wit, one (1) year of experience in controlling and directing sea vessels in harbor operations and possession of a valid marine operator's permit issued by the Federal Communications Commission; on or about January 23, 2003 plaintiff provided to the Port a copy of his Marine Operator Permit, one of the qualification requirements for the position; thereafter a classification review of plaintiff was conducted; by Public Law 26-152, the General Appropriations Act of 2003, which became law September 30, 2002, Chapter IV, Section 4(b), effective October 1, 2002, a government-wide moratorium on reclassifications, but not promotions, was effected through September 30, 2003 with certain exceptions listed therein; similarly, by Public Law 27-29, the General Appropriations Act of 2004, which became law September 19, 2003, by Chapter V, Section 1(b) the government-wide moratorium on reclassifications was re-enacted through September 30, 2004 with certain exceptions listed therein; the Port, in good faith, interpreted that moratorium on reclassifications as applicable to reclassification of plaintiff and other Port employees similarly situated to marine traffic controller following selection as administrative aide; next, by Public Law 27-106, an appropriations Act for the Fiscal Year ending September 30, 2005, which became law September 30, 2004, by Chapter VI, Section 2, the government-wide moratorium on reclassifications remained in effect through September 30, 2005 with certain exceptions listed therein; among the exceptions provided by the moratorium provisions of the foregoing mentioned public laws was one with respect to positions determined by the Civil Service Commission ("CSC") as difficult to recruit and retain; on November 6, 2004, the Port

requested of the CSC clarification of the applicability of the reclassification moratorium provisions above-mentioned to Merit Career promotions; on January 6, 2005, in response, the CSC advised the Port that Merit Career promotions are excepted from the reclassification moratorium; such promotions, however, for plaintiff and about twelve other Port employees similarly situated and of races other than that of plaintiff were not then effected due to budgetary constraints; on November 16, 2005, plaintiff and twelve other Port employees similarly situated were promoted belatedly to their Merit Career positions; on October 27, 2006, those Merit Career position promotions of plaintiff and those twelve other Port employees similarly situated were made retroactive to their original promotion dates had the moratorium not been in place; as to plaintiff, his retroactive date was March 1, 2003 with salary increments up to March 1, 2006; the gross retroactive payment to plaintiff on October 27, 2006 was in the amount of $7,661.55 and reflected his promotion from March 1, 2003 together with four salary increment increases he would have received had the moratorium not been in effect; except to the extent expressly admitted or qualified by its answer above, defendant denies each and every allegation contained in paragraphs 13, 14, 15, 16 and 17 of plaintiff's complaint.

**SECOND DEFENSE**

(First Cause of Action)

10. Answering the allegations contained in paragraph 18 of plaintiff's complaint, defendant repeats and incorporates by reference as though fully set forth herein each and every previous paragraph of its Answer set forth above.

11. Defendant denies the allegations contained in paragraphs 19, 20 and 21 of plaintiff's complaint.

**THIRD DEFENSE**

**(Second Cause of Action)**

12. Answering the allegations contained in paragraph 22 of plaintiff's complaint, defendant repeats and incorporates by reference as though fully set forth herein each and every previous paragraph of its Answer set forth above.

13. Answering the allegations contained in paragraph 23 of plaintiff's complaint, defendant admits at all times relevant it had a duty to supervise and control the conduct and actions of its employees, and to ensure the rights of employees, to the extent required of it by applicable law and regulation, with regard to certain matters including but not limited to discrimination; otherwise denies the allegations contained in paragraph 23 of plaintiff's complaint.

14. Defendant denies the allegations contained in paragraphs 24, 25 and 26 of plaintiff's complaint.

**FOURTH DEFENSE**

**(Third Cause of Action)**

15. Answering the allegations contained in paragraph 27 of plaintiff's complaint, defendant repeats and incorporates by reference as though fully set forth herein each and every previous paragraph of its Answer set forth above.

16. Defendant denies the allegations contained in paragraphs 28, 29 and 30 of plaintiff's complaint.

**FIFTH DEFENSE**

**(Fourth Cause of Action)**

Answering the allegations contained in paragraph 31 of plaintiff's complaint, defendant repeats and incorporates by reference as though fully set forth herein each and every previous paragraph of its Answer set forth above.

17. Answering the allegations contained in paragraph 32 of plaintiff's complaint, defendant repeats and realleges its allegations contained in preceding paragraph 7 of this Answer wherein it alleged and hereby realleges plaintiff's employment by and at the Port has been and is subject to applicable laws and regulations of the United States and of the territory of Guam including, but not limited to, Personnel Rules and Regulations of the Port approved by the Guam Civil Service Commission, which laws and regulations collectively may be deemed to constitute the "employment agreement" referred to by plaintiff; subject to the foregoing, defendant admits the truth of the allegations contained in paragraph 32 of plaintiff's complaint.

18. Denies the allegation contained in paragraph 33 of plaintiff's complaint that defendant, or the Port, engaged in any wrongful discrimination with regard to plaintiff.

19. Denies the allegations contained in paragraphs 34 and 35 of plaintiff's complaint.

**SIXTH DEFENSE**

**(Fifth Cause of Action)**

20. Answering the allegations contained in paragraph 36 of plaintiff's complaint, defendant repeats and incorporates by reference as though fully set forth herein each and every previous paragraph of its Answer set forth above.

21. Denies the allegations contained in paragraphs 37 and 38 of plaintiff's complaint.

Except to the extent expressly admitted or qualified by its Answer above, defendant denies each and every allegation contained in plaintiff's complaint.

**SEVENTH DEFENSE**

This Court lacks jurisdiction of the subject matter.

**EIGHTH DEFENSE**

Plaintiff's complaint fails to state a claim against defendant upon which relief can be granted.

Wherefore, defendant prays plaintiff's complaint and this action be dismissed and plaintiff take nothing.

Dated this 26th day of February, 2007,

**OFFICE OF THE ATTORNEY GENERAL**
**Alicia G. Limtiaco, Attorney General**

By: ______________________________
**Philip D. Isaac**
Assistant Attorney General