

Office of the Attorney General
**Alicia G. Limtiaco**
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | | |
|---|---|---|
| ANTHONY Q. SANDERS, | ) | Civil Case No. CV07-00001 |
| Plaintiff, | ) | |
| | ) | **REQUEST FOR PRETRIAL** |
| vs. | ) | **CONFERENCE** |
| | ) | |
| GOVERNMENT OF GUAM, a Public Entity DOES 1 THROUGH 10, INCLUSIVE, | ) | **(F.R.C.P. Rule 16(a))** |
| Defendants. | ) | |

Defendant Government of Guam, by counsel, hereby requests a pretrial conference pursuant to F.R.C.P. Rule 16(a) for the purpose of (1) expediting the disposition of this action, (2) establishing early and continuing control so that the case will not be protracted because of lack of management, (3) discouraging wasteful pretrial activities, and such other and further measures as the Court may deem appropriate. This request is necessitated by plaintiff's failure to provide defendant and the Court with a correct address for service of process and his failure

and refusal to comply with District Court of Guam Local Rules 16.1 and 16.2 notwithstanding the Order to do so contained in the Scheduling Notice in this action filed March 27, 2007.

As may be noted on his Complaint filed *pro se* February 5, 2007, plaintiff, for an address, provided a Hagåtña, Guam post office box address and no telephone number. As shown by the return of service filed in this case on February 6, 2007, by Summons served February 5, 2007 defendant was required to serve an answer to the complaint upon plaintiff's attorney Anthony Q. Sanders *pro se* at 107 Ramon Baza Ct., Yona, Guam 96914.

Office of Attorney General Process Officer, Francisco Santos, not having been able on February 26, 2007 to make service on plaintiff of defendant's answer to plaintiff's complaint at the foregoing mentioned Yona address, the address shown on the Summons issued on behalf of plaintiff, on the following day, February 27, 2006, Mr. Santos located plaintiff at his apparent actual residence at 120 Cook Street, Agat, Guam 96915 and personally served plaintiff there as shown by the declaration of service filed March 2, 2007. At the time of such service, plaintiff told the process officer he was represented by counsel. However, at no time in the interim has an attorney appeared for plaintiff nor contacted counsel for defendant.

No attorney having appeared for plaintiff in the interim, nor contacted counsel for defendant, defendant's counsel attempted to contact plaintiff, as shown by the letter dated March 20, 2007, attached to counsel's Declaration as Exhibit "A", to arrange a meeting as required by LR 16.1 and 16.2. Such letter as shown by Exhibit "A" was sent by certified mail, return receipt requested, addressed to plaintiff at the three addresses shown. As shown by the envelope attached to Exhibit "A" receipt at the Agat address, by the word "NO" written on the envelope, was refused.

Early in the week of April 2, 2007, in a further effort at compliance with local rules, counsel for defendant called the Agat residence at the telephone number listed for an Anthony Sanders. Defendant's counsel spoke with a woman who answered and was told Mr. Sanders would return the call. Plaintiff did so later in the day. When asked if he had received the Scheduling Notice or the letter, Exhibit "A", plaintiff said he had not. Plaintiff asked why counsel for defendant was contacting him and not his lawyer. Counsel for defendant explained plaintiff had no lawyer of record. Plaintiff responded his lawyer was Mark Williams. Counsel for defendant that same day called Mr. Williams who stated he did not represent plaintiff in this action and, at the request of counsel for defendant, he would call Mr. Williams and make that clear.

On April 6, 2007, plaintiff called counsel for defendant and said he had just received the copy of the letter, Exhibit "A", the copy to the Hagåtña, Guam post office box address. When if he received the copy sent to the Yona address, plaintiff said he hadn't lived there since he retired from military service. Again, plaintiff stated he was represented by Mr. Williams. Counsel then again placed a call to Mr. Williams. He was out. On inquiry, Mr. Williams' receptionist said Mr. Williams had not had time to call plaintiff, but had an appointment with him scheduled later that day. Toward the end of business day, April 6, 2007, and several times on Monday, April 9, 2007, counsel telephoned Mr. Williams office to determine whether or not Mr. Williams would appear for plaintiff and left requests Mr. Williams contact counsel for defendant. Those calls were not returned.

Accordingly, defendant Government of Guam, pursuant to F.R.C.P. Rule 16(a), requests a pretrial conference in this matter to get it on track without further delay and waste of

*Page 3*
*CV07-00001*
*Anthony Sanders*

Case 1:07-cv-00001    Document 6    Filed 04/09/2007    Page 3 of 4

the resources of the Court and the Office of Attorney General or for such other relief as the Court may deem appropriate to the circumstance.

Dated this 9th day of April, 2007.

                              Office of the Attorney General
                              **Alicia G. Limtiaco, Attorney General**

By: _____
          **PHILIP D. ISAAC**
          Assistant Attorney General
          Attorney for Defendant Government of Guam