

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
e-mail: pisaac@guamattorneygeneral.com

Attorneys for the Government of Guam



FILED
DISTRICT COURT OF GUAM

FEB 1 5 2008

JEANNE G. QUINATA
Clerk of Court



# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| ANTHONY Q. SANDERS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GOVERNMENT OF GUAM, a Public Entity<br>DOES 1 THROUGH 10, INCLUSIVE,<br><br>　　　　Defendants. | Civil Case No. CV07-00001<br><br>**DEFENDANT GOVERNMENT OF GUAM SUGGESTION BY MOTION, AND MEMORANDUM IN SUPPORT, TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP RULE 12(h)(3)**<br><br>(ORAL ARGUMENT REQUESTED) |

Defendant Government of Guam, by counsel, moves for dismissal of this action for lack of jurisdiction of the subject matter and requests oral argument of this motion. This memorandum is in support of the instant suggestion by motion of the Government of Guam made pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(h)(3) for lack of subject matter jurisdiction because of the failure of Plaintiff Sanders to file his charge of

*Page 1*
*Motion to Dismiss and MPOA*
District Court Case No. CV07-0001
Anthony Sanders v. GovGuam

discrimination with the Equal Employment Opportunity Commission within 180 days after the occurrence of the alleged unlawful employment practice charged.

**MEMORANDUM IN SUPPORT**

FRCP Rule 12(h)(3) provides:

> (3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

This case is one in which Plaintiff Anthony Q. Sanders ("Sanders"), an employee of the Jose D. Leon Guerrero Commercial Port f/k/a the Port Authority of Guam (the "Port"), an autonomous agency of the Government of Guam, by his Complaint seeks 1) for all counts general and special or exemplary damages and 2) costs of suit, attorney fees, and pre-judgment interest as provided for in 42 U.S.C. § 2000e-5(k). Complaint, Prayer, ¶¶ 1, 2.

According to Sanders' Complaint, this is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 and is brought in response to unlawful employment practices on bases including but not limited to discrimination in that Defendant(s) wrongfully failed to promote Sanders in his position of employment with Defendant(s) due to discrimination and other unlawful employment practices as detailed in his Complaint. Complaint, Nature of the Action.

By his Complaint, Sanders alleges in the first instance:

First Cause of Action. Deprivation of civil rights of equal employment opportunity under Title VII of the Civil rights Act of 1964 and the Civil Rights Act of 1991, invoking jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e, *et seq.*, alleging on or about May 6, 2003 Defendant Government of Guam wrongfully

discriminated against him by failing to promote and to pay him based on his race. Complaint, Nature of Action and ¶¶ 1, 15 and 16. Sanders alleges that within 180 days after the alleged unlawful employment practice set forth, he filed a charge of discrimination with the Equal Employment Opportunity Commission satisfying the requirements of 42 USC § 2000e-5. Complaint, ¶ 2. However, nowhere within his Complaint does Sanders allege the date on which he filed such charge of discrimination with the Commission.

Filed herewith in support of this motion to dismiss is the Declaration of Francine T. Rocio, Personnel Services Administrator of the Port. Attached as Exhibit A to that declaration is a Notice, dated June 16, 2005 from the Commission to the then General Manager, Port Authority of Guam, of Charge of Discrimination enclosing a copy of a Charge of Discrimination by Sanders against the Port under Title VII of the Civil Rights Act under circumstances of race. That charge of discrimination by Sanders shows it is signed dated 29 March 2005 and received May 6, 2005 by the Equal Employment Opportunity Commission, Honolulu (EEOCHLO). The Charge alleges the earliest date the discrimination took place was January 18, 2003, the date Sanders asserts he obtained his license and met the qualifications for the position of a Marine Traffic Controller (MTC). The Charge goes on to allege Sanders has not been promoted to MTC whereas those not in his protected group were automatically promoted to MTC once they obtained their license and met the qualifications for the position of MTC. While by his charge to the EEOC Sanders indicates the discrimination charged, not being promoted once qualified, is ongoing as of the date he signed the charge, March 29, 2005, he does not, by his charge, charge any new or other discrete act of discrimination occurring after January 18, 2003. Reading the Charge together with the allegations of the Complaint

makes it clear Sanders complains of one discrete act, failure to promote him timely to MTC in 2003, whether January 18, 2003, as shown in his Charge, or on or about May 6, 2003 as alleged in his Complaint, with such failure continuing through March 29, 2005 as indicated in his Charge.

Whether the discrimination of Sanders alleged to have occurred, occurred on January 18, 2003 as charged, or on May 6, 2003 as alleged in his Complaint, both the date of signature by Sanders shown on his Charge, 29 Mar 05, and the date of receipt by EEOC of that Charge, May 06 2005, exceed the 180 days alleged in Complaint, ¶ 2. Sanders does not by his Complaint allege filing by him of any charge with the EEOC within 180 days after any other claimed occurrence of discrimination. Otherwise put, Sanders does not allege the occurrence of any employment practice, i.e. any discrete act or single occurrence, that took place within 180 days before the filing of his charge with the EEOC.

An individual wishing to bring a Title VII lawsuit must first file an EEOC charge within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. §2000e-2(a)(1). "We have previously held that the time for filing a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) begins when the discriminatory act occurs. We have explained that this rule applies to any '[discrete ac[t]' of discrimination, including discrimination in 'termination, failure to promote, denial of transfer, [and] refusal to hire.' *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 114 (2002). Because a pay-setting decision is a 'discrete act', it follows that the period for filing an EEOC charge begins when the act occurs." *Ledbetter v. Goodyear Tire & Rubber, Inc.*, 127 S. Ct. 2162, 2165(2007). "The EEOC charging period is triggered when a discrete unlawful

practice takes place. A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination." *Id.* at 2169. Sanders by his charge to the EEOC charges that on January 18, 2003, he obtained his license and met the qualifications for the position of MTC, and by his Complaint ¶¶ 14, 15, 34 alleges it was on or about May 6, 2003 the acts complained of took place. Even accepting the later date of May 6, 2003 as the date the discrete alleged unlawful practice took place results in a date of on or about November 5, 2003 as the latest date Sanders had to file his charge with the EEOC as required by 42 U.S.C. §2000e-2(a)(1) for this court to have subject matter jurisdiction. Again, Sanders did not file his Charge with the EEOC until in or about March-May, 2005, about two years after the occurrence of the discrete act of which he complains.

Since Sanders EEOC charge was untimely, this Court lacks subject matter jurisdiction over Sanders' Title VII claim brought under 42 U.S.C. § 2000e, *et seq*.

Aside from his federal claim of employment discrimination as alleged by his First Cause of Action, Sanders also alleges:

Second Cause of Action. Negligence in supervising and controlling the conduct and actions of employees of GovGuam (employees of the Port) with regard to matters including but not limited to discrimination resulting in Sanders suffering from loss of past, present and future wages, loss of employment benefits including the lost value of retirement benefits and costs of this lawsuit, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience. Complaint, ¶¶ 22-26;

Third Cause of Action. Willful and malicious breach of implied covenant of good faith and fair dealing for having wrongfully and unreasonably breached express and implied promises and implied duty to deal fairly and in good faith with Sanders. Complaint, ¶¶ 27-30;

Fourth Cause of Action. Breach of employment contract on or about May 6, 2003. Complaint, ¶¶ 31-35; and

Fifth Cause of Action. Intentional infliction of emotional of distress. Complaint, ¶¶ 36-38.

To the extent Sanders second through fifth causes of action are construed as federal causes of action brought under Title VII, the Court again lacks subject matter jurisdiction for failure timely to file a charge with the EEOC. To the extent considered to be state law claims, lacking original jurisdiction over the subject matter of this case, this court may not exercise pendent jurisdiction. In an action by trustees of employee benefit plan, seeking contribution to trust funds from general contractor, court would grant with prejudice general contractor's motion to dismiss for lack of subject-matter jurisdiction since there was no basis for federal jurisdiction and since only claim against contractor was under state law. *Laborers Health & Welfare trust Fund v KMM Constr. Co.*, 651 F Supp 344 (1987, SD Fla).

Accordingly, this action ought be dismissed with prejudice for lack of subject matter jurisdiction pursuant to FRCP Rule 12(h)(3) since there is no basis for federal jurisdiction and since the only claims, if any, against Defendant Government, and the Port, are under Guam law.

While it is regrettable the Port did not sooner seek clarification from the Civil Service Commission, the Merit Career promotions involved might sooner have been implemented

nonetheless had Mr. Sanders, or others similarly situated, at the time in 2003 utilized grievance procedures available under applicable Guam law and regulations or sought assistance from the Guam Department of Labor under Guam Fair Labor Standards.

Dated this 15th day of February, 2008,

OFFICE OF THE ATTORNEY GENERAL
Alicia G. Limtiaco, Attorney General

By: _____
PHILIP D. ISAAC
Assistant Attorney General
Attorney for Defendants