

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
e-mail: pisaac@guamattorneygeneral.com

Attorneys for the Government of Guam



**FILED**
DISTRICT COURT OF GUAM

FEB 1 5 2008

**JEANNE G. QUINATA**
**Clerk of Court**

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| ANTHONY Q. SANDERS,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, a Public Entity<br>DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Civil Case No. CV07-00001<br><br>**DECLARATION OF FRANCINE T. ROCIO IN SUPPORT OF DEFENDANT GOVERNMENT OF GUAM SUGGESTION BY MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP RULE 12(h)(3)** |

I, Francine T. Rocio declare:

1. I am the Personnel Services Administrator of the Jose D. Leon Guerrero Commercial Port ("Port"), employer of Anthony Sanders, Plaintiff in the above captioned action.

2. In my capacity as Personnel Services Administrator of the Port, I am the custodian of personnel records of the Port and, in such capacity, am familiar with the facts and circumstances of Plaintiff's employment with the Port. I am also familiar with the

Page 1
Declaration of Francine T. Rocio in support of Defendant GovGuam Suggestion by Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP Rule 12(h)(3)
District Court Case No. CV07-0001
Anthony Sanders v. GovGuam

Case 1:07-cv-00001   Document 14   Filed 02/15/2008   Page 1 of 8

circumstances because, in addition to Mr. Sanders, and about twelve other Port employees similarly situated, I was selected to participate in the Merit Career promotion program. In my case, I was employed by the Port in late December, 1989 as a Clerk Typist. In December, 2001 I was selected by the Port to fill, and was promoted to, a Personnel Specialist II position developmental to the position of Personnel Specialist III, qualifying in July, 2003 for Merit Career promotion to Personnel Specialist III . However, as was the case with Mr. Sanders and others of us similarly situated, some 12-14 in number, such Merit Career promotions with salary commensurate did not occur, and were not made retroactive, until November 16, 2005, all of us at the same time.

3. Among Mr. Sander's personnel records is a Notice of Charge of Discrimination dated June 16, 2005 from the U.S. Equal Employment Opportunity Commission received by the Port addressed to the then General Manager of the Port giving notice of that a charge of employment discrimination, EEOC Charge No. 378-2005-00421, was filed with the EEOC by Anthony Sanders, true copy attached hereto as Exhibit A. Included with the Notice, attached thereto, is a true copy of the Charge of Discrimination, Charge No. 378-2005-00421, filed by Mr. Sanders with the EEOC showing it is signed by Mr. Sanders dated 29 Mar 05 and stamped received May 06 2005 by the EEOC Honolulu.

4. In Mr. Sander's case, on or about November 10, 1997, Mr. Sanders was employed by the Port as a Stevedore and on or about October 21, 2002 Mr. Sanders was selected by the Port to fill, and was promoted to, an Administrative Aide position developmental to the position of Marine Traffic Controller. For an Administrative Aide subsequently to be

*Page 2*
Declaration of Francine T. Rocio in support of Defendant GovGuam Suggestion by Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP Rule 12(h)(3)
District Court Case No. CV07-0001
Anthony Sanders v. GovGuam

Case 1:07-cv-00001   Document 14   Filed 02/15/2008   Page 2 of 8

reclassified to the position of Marine Traffic Controller he must be performing the duties of that position, i.e. "under-filling" that position, and meet certain qualifications, to wit, one (1) year of experience in controlling and directing sea vessels in harbor operations and possession of a valid Marine Radio Operator Permit issued by the Federal Communications Commission. On or about January 23, 2003, Sanders provided to the Port a copy of his Marine Radio Operator Permit, one of the qualifications for the position. Thereafter a classification review of Sanders was conducted. Based on his classification review Mr. Sanders was to have been promoted to Marine Traffic Controller on May 30, 2003 retroactive to March 1, 2003.

However, by Public Law 26-152, the General Appropriations Act of 2003, which became law September 30, 2002, Chapter IV, Section 4(b), effective October 1, 2002, a government-wide moratorium on reclassifications, but not promotions, was effected through September 30, 2003 with certain exceptions listed therein; similarly, by Public Law 27-29, the General Appropriations Act of 2004, which became law September 19, 2003, by Chapter V, Section 1(b) the government-wide moratorium on reclassifications was re-enacted through September 30, 2004 with certain exceptions listed therein; the Port interpreted that moratorium on reclassifications as applicable to reclassification of Mr. Sanders and other Port employees similarly situated including me. Next, by Public Law 27-106, an appropriations Act for the Fiscal Year ending September 30, 2005, which became law September 30, 2004, by Chapter VI, Section 2, the government-wide moratorium on reclassifications remained in effect through September 30, 2005 with certain exceptions listed therein; among the exceptions provided by the moratorium provisions of the foregoing mentioned public laws was one with respect to positions determined by the Civil Service Commission ("CSC") as difficult to recruit and retain; on November 10, 2004, the Port requested of the CSC clarification of the applicability of

*Page 3*
Declaration of Francine T. Rocio in support of Defendant GovGuam Suggestion by Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP Rule 12(h)(3)
District Court Case No. CV07-0001
Anthony Sanders v. GovGuam

Case 1:07-cv-00001   Document 14   Filed 02/15/2008   Page 3 of 8

the reclassification moratorium provisions above-mentioned to Merit Career promotions. On January 3, 2005, in response, the CSC advised the Port that Merit Career promotions are excepted from the reclassification moratorium; such promotions, however, for Sanders, and me, and about twelve other Port employees similarly situated, and of races other than that of Mr. Sanders, were not then effected due to budgetary constraints. On November 16, 2005, Mr. Sanders and the other Port employees similarly situated, including me, were promoted belatedly to our Merit Career positions; on October 28, 2006, those Merit Career position promotions of Mr. Sanders and the other Port employees similarly situated were made retroactive to their original promotion dates had the moratorium not been in place; as to Mr. Sanders, his retroactive date was March 1, 2003 with salary increments up to March 1, 2006; the gross retroactive payment to Mr. Sanders on October 28, 2006 was in the amount of $7,661.55 and reflected his promotion from March 1, 2003 together with four salary increment increases he would have received had the moratorium not been in effect.

I declare under penalty of perjury the foregoing is true and correct.

Dated this 15th day of February, 2008.



FRANCINE T. ROCIO

# EXHIBIT "A"

EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr Joseph Mesa<br>General Manager<br>PORT AUTHORITY OF GUAM<br>1026 Cabras Highway, Suite 201<br>Piti, GU 96915 | **Anthony Saunders**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**378-2005-00421** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act     [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **07-JUL-05** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by ____ to ____
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Emily Mauga,
Administrative Clerk
*EEOC Representative*
Telephone: **(808) 541-3120**

Honolulu Local Office
300 Ala Moana Blvd
Room 7-127
Honolulu, HI 96850

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Jun 16, 2005 | Timothy A. Riera<br>Director | [signature] |

Enclosure with EEOC
Form 131 (5/01)

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 378-2005-00421 and EEOC

State or local Agency, if any

Name (Indicate Mr., Ms., Mrs.): Mr. Anthony ~~Saunders~~ QUINN SANDERS
Home Phone No. (Incl Area Code): (671) 565-████
Date of Birth: 03-30-58

Street Address: P.O. Box 827 Hagatna, GU 96932

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

Name: PORT AUTHORITY OF GUAM
No. Employees, Members: 15 - ~~100~~ 250
Street Address: J. D. Leon Guerrero Com. Port, 1026 Cabras Hwy., Suite 201, Piti, GU 96915

DISCRIMINATION BASED ON (Check appropriate box(es).)
[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-~~02~~-18-2003
Latest: ~~03-21-2005~~ ON GOING
[X] CONTINUING ACTION

PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In October 2002, I was hired by my employer as an Administrative Aide. (UNDERFILLING MARINE TRAFFIC CONTROLLER)

On ~~February~~ JANUARY 18, 2003, I obtained my license and met the qualifications for the position of a Marine Traffic Controller ("MTC"). However, I have not been promoted to a MTC. Whereas, those not in my protected group were automatically promoted to MTCs once they obtained their license and met the qualifications for the position of a MTC (e.g., Helen Augon, Frank Sablan and Peter Cruz).

I believe I have been discriminated against because of my race-black.

RECEIVED MAY 06 2005 EEOC HLO

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 29 MAR 05
Charging Party Signature: [signed] Anthony Q. Sanders

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)