

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
e-mail: pisaac@guamattorneygeneral.com

Attorneys for the Government of Guam

**FILED**
DISTRICT COURT OF GUAM

MAY 1 3 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| ANTHONY Q. SANDERS, <br><br> Plaintiff, <br><br> vs. <br><br> GOVERNMENT OF GUAM, a Public Entity DOES 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | Civil Case No. CV07-00001 <br><br> **DEFENDANT GOVERNMENT OF GUAM REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FRCP RULE 12(h)(3)** |

Defendant Government of Guam, by counsel, replies as follows to Plaintiff's Response filed May 9, 2008 to Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

By his Response, Plaintiff effectively acknowledges the lack of subject matter jurisdiction of this Court. While Plaintiff may now assert, and may want to allege, on 01 March 2005 he sent his discrimination case to EEOC in Honolulu apparently as a "last straw" when

*Page 1*
*Gov't Reply to Plaintiff's Response to Motion to Dismiss*
District Court Case No. CV07-0001
Anthony Sanders v. GovGuam

Case 1:07-cv-00001    Document 23    Filed 05/13/2008    Page 1 of 3

not "promoted" in 2005, he does not, and cannot, assert or allege such charge was for any discrete act of failure of promotion or grant of salary increase in 2005 as opposed to the discrete act he did charge of failure of merit promotion and salary increase in 2003, more than 180 days before his charge filing with the EEOC. While Plaintiff may wish now to allege a failure of promotion or of salary increase in 2005 within 180 days of his filing of charge with the EEOC, such would be an act of futility given the evident fact, indeed admission, Plaintiff did not file any charge with the EEOC of the occurrence in 2005 of any such discrete act.

That the EEOC may have issued Plaintiff a Right to Sue letter signifies nothing with respect to the merits and nothing with respect to the issue of subject matter jurisdiction and none can be inferred. The issue of subject matter jurisdiction is within the exclusive jurisdiction of the Court.

Whatever may have been the content of communications between Plaintiff and the Guam Director of Labor, the fact Plaintiff asserts there were any such communications evidences Plaintiff apparently had some familiarity at the time with Guam Fair Labor Standards as set out in 22 Guam Code Annotated, Chapter 3. As provided by 22 GCA § 3104(3), as used in Chapter 3, "Employer" includes "any government entity or instrumentality, …but shall not include the United States Government.." Accordingly, Guam Fair Labor Standards do apply to the Government of Guam and its instrumentalities. Further, 22 GCA § 3221. Representation by Attorney General or a Private Attorney, provides:

> The Attorney General or a private attorney may represent employees and/or the Director of Labor in actions for unpaid wages or for violations of this Title. In such violations, the court shall award reasonable attorney's fees of not less than One Hundred Twenty-Five Dollars ($125) per hour to the government of Guam or the private attorney to be paid by the employer.

Page 2
*Gov't Reply to Plaintiff's Response to Motion to Dismiss*
District Court Case No. CV07-0001
Anthony Sanders v. GovGuam

Case 1:07-cv-00001    Document 23    Filed 05/13/2008    Page 2 of 3

In other words, at any time Plaintiff had a claim for unpaid wages, in the event of non-action by the Director of Labor, Plaintiff could have retained a private attorney and brought an action for such unpaid wages in the Superior Court of Guam and, in the event of violation, Plaintiff would have been entitled to an award of reasonable attorney's fees all as provided by 22 GCA § 3221. He did not do so.

As to his action in this Court, having had every opportunity to do so, Plaintiff neither asserts nor evidences, nor can he evidence, having filed timely with the EEOC a charge of a discrete act. Accordingly, this Court lacks subject matter jurisdiction.

Dated this 13th day of May, 2008,

OFFICE OF THE ATTORNEY GENERAL
Alicia G. Limtiaco, Attorney General

By: _____
**PHILIP D. ISAAC**
Assistant Attorney General
Attorney for Defendants

*Page 3*
*Gov't Reply to Plaintiff's Response to Motion to Dismiss*
District Court Case No. CV07-0001
Anthony Sanders v. GovGuam

Case 1:07-cv-00001  Document 23  Filed 05/13/2008  Page 3 of 3