

**FILED**
DISTRICT COURT OF GUAM

MAY 1 5 2008 *jc*

**JEANNE G. QUINATA**
**Clerk of Court**

IN THE DISTRICT COURT OF GUAM
HAGATNA, GUAM

ANTHONY Q. SANDERS,

      Plaintiff,

vs.

GOVERNMENT OF GUAM, a Public Entity
DOES 1 THROUGH 10, INCLUSIVE,
      Defendants,

Civil Case No. CV07-00001

Plaintiff's RESPONSE
FOR THE MOTION OF
CASE DISMISS

The Defendant Government of Guam would like to have the court think that I the

Plaintiff, have filed this case under false pretences of Jurisdiction of matter and would

like nothing more than to have this case dismissed. Also the Defendant seeks for me the

Plaintiff, to pay for the attorney and court fees which I totally disagree with. This case

would not have been filed if the then Human Resource Administrator (Ms. Vivian C.

Leon) had done proper research and informed the then General Manager (Mr. Joseph F.

Mesa) that the individual (myself) should've been paid from the time I produced my FCC

License. Not make me wait until it is their convenience, this job promotion was clearly

budgeted for and only lacked the signiature of the general manager at the time. Instead

they took the wrong approach in the matter and let time just go by uncaring of their

employee's situations at hand. The attorney Mr. Phillip Isaac office was given the

determining case file from the EEOC's Honolulu Office by myself in September of 2007

**ORIGINAL**

upon request for coping, which his administrative assistant did copy and return to me while I was at his office. I also gave him Mr. Isaac the full text for which I filed this case with the EEOC's Office in Honolulu, for whatever reason he still would like the court to dismiss the case is beyond reasons, Just to have this case thrown out of court shows the disregard of this matter. There is nowhere in this case are the attorney office taken in account the matter the there is discrimination being done here at the Port Authority and no regards to investigation going on. The fact that once the EEOC's Office enter this case the Port Authority failed to respond to the matter that they in turn promoted my co-worker at the same time same day November 16, 2005. First (1) nowhere is there any justification on how this individual Mr. Vince Pangelinan who has not done or stood any of the watch shifts be award this promotion only being able to dock ship's on the graveyard shift prior to him receiving his FCC License in June 2005, this employee was in the division two years prior to myself joining the division in October 2002. He only pursued his license due the on going's of the (HRO) telling him to try an pass the test because I have an case ongoing against them and he is well mentioned in this case. This is a clear violation to the FCC Rule of communicating via Marine Radio without the issuance of the proper license on hand. Second (2) Mrs. Francine T. Rocio, was all for the case I submitted when she was at the time an Personnel Specialist II position. Now take a look at her mysterious landing of the now Human Resource Administrator. Promoted November 16, 2005, to Personnel Specialist III, then six to seven months later promoted to Specialist IV, then a few months short time later to the current position for which she holds so dearly as the HRO Administrator. And how the old HRO Admin Officer has gotten herself promoted to Corporate Service Manager, whick she now is

overall seven different division.She couldn't run the (HRO) division with questions. I'm sorry to say there should be some kind of and bachelor's degree to attain this kind of position. This is how they play the promotion set up from Mr. Joseph F. Mesa while he was preparing to step out of office and run for Senator, in the 2006 November elections. Here are the documents of exhibit's A thru K with the explanations that will show the dates of this and all matters for which the Port Authority and the attorney Mr. Isaac have not addressed or would have be heard. By looking at these exhibits and the material that are attached should give light to this case as follows:

EXHIBIT "A" shows: the date that I brought this to the attention of the Director , Government of Guam, Department of Labor U.S. Department of Labor(Employee Relations) Ms. Maria Connelly, which she advised me that she didn't have jurisdiction over the Port Authority but would try to intervine on the matter for which nothing came about and told me to speak to her HRO Administrator who informed me to write the EEOC office in Honolulu. The way they accepted the package and signed for it is clear. My first step for help.

EXHIBIT "B" shows: the right to sue letter from U.S. Department of Justice Civil Rights Division, Washington DC and date, My letter to them for and adjusted monetary sum date of 07 October 2006, EEOC Honolulu letter to U.S. DOJ, the Determination letter from EEOC Honolulu and date, the correspondence letter to Mr. Todd Chavez (investigator), e-mail correspondence to Mr. Chavez, the letter where Mr. Chavez and myself talked about the government claim letter about the amount thath I told himn

about steps that I didn't want to accept because that's not amount that should be dictated on how much I should sue for.

EXHIBIT "C" shows: the dates that I showed the HRO's office of my license and how they beat around in the process of the promotion, take a look at how I start with 3 years 6 months of experience when they first started and how they just went back and forth accomplishing nothing. Also a copy of the job announcement for the promotion.

EXHIBIT "D" shows: the budgets for 2003, 2004, 2005, 2006. They even went back and did a mid-year budget to recoup the alleged funds that never got put back until October 2006 for the position of Marine Traffic Controller. They didn't plan on paying as you can see until they were ready.

EXHIBIT "E" shows: how the then General Manager can award the Port Chief of Police position to the assistance police while there was and freeze still in affect prior to October 2004, stoppage and increment were restowed to given to all employee's. This personnel doesn't have an bachelors degree but its okay to promote. The promotion here sometimes are not warrant just change the title for and substantial increase in pay, but not for all only the special click that's here in the Port Authority. Only the proper investigation will reveal this claim. By no means of disrespect to those who are on the receiving end.

EXHIBIT "F" shows : The Harbor Master part in this event, this is what he told myself and co-worker (Mr. Frank Sablan) of Mr. Vince Pangelinan as to being promoted in December of 2005, and why he doesn't put him on a rotational watch shift.

EXHIBIT "G" shows: How the then General Manager shown to concern in

this matter of the watch bill not being rotated or personnel being assigned the watch of the discussed material for standing the upcoming personnel going on leave and clearly not sharing the watches properly with the members mentioned.

EXHIBIT "H" shows: This the letter I submitted to the next Interim General Manager above the retro payment that started all others that were supposed under the Government -Wide Moratorium , Public Law 27-106 for which they wer wrong about all along. His responds and the way they wanted to start me out as a J-1, then the refixing of my pay increments.

EXHIBIT "I" shows: e-mail messages form attorney Mr. Mark E. Williams, myself, to the Director of EEOC Honolulu office.

EXHIBIT "J" shows: the continued disregards for the employee's privacy act that the Port Authority hs put on the world-wide internet of Port Authority's website. It shows all of the employees' information that should only be that to themselves and the payrole division for the deductions that are to come out of their pay not to the world to see.

EXHIBIT "K" this is only a sample othe things that are going on inside the Port Authority that needs to be addressed immediately, not jus t assumed they it was just made up. This clearly a cry from the employee for help in these matters. I have never seen such and corrupt organization and the things that are overdue and overlooked the Attorney Generals Office for investigation instead of just a phone call and let go. These jobs of promotion and the nepotism of hiring is nothing but slap in face. People fear for their jobs down

here and that is why only a few will actually speak up.

Date _13 MAY 2008_     Signature _Anthony Q. Sanders_

Anthony Q. Sanders

# EXHIBIT "A"



Received 2/18/05
1200 Hours —

Cpa: Carlos Sanders.

M Lewis
Director DOC



Port Authority of Guam
*Jose D. Leon Guerrero Commercial Port*
1026 Cabras Highway, Suite 201
Piti, Guam 96915



8 February 2005

To:     Director, Civil Service Commission
        Director, Government of Guam, Department of Labor
        U.S. Department of Labor (Employee Relations)

From:   Mr. Anthony Sanders, Administrative Aide (Under-Filling Marine
        Traffic Controller)

Subject:  **EQUAL EMPLOYMENT OPPORTUNITY (EEO) DISCRIMINATION**

I submit this discrimination letter of request for assistance due to the continued rejections that I have received from the management here at the Port Authority of Guam. I feel that I am being discriminated against due to the information that I have provided below.

I'll start this discrimination letter off with a brief summary of how I have arrived at this point in my career. I received employment status with the authority in November 1997 after completing twenty (20) years of faithful and honorable service to the U.S. Navy. I accepted my first position as a stevedore in November 1997 at Step 1 (F series). For my first four years, I felt that working as a stevedore was the correct move. Upon receiving notice that positions were being announced in 2001, I applied for 6 different positions in which I qualified for all, but, unfortunately, not selected, as listed below.

The Administrative Aide *(under-filling a Marine Traffic Controller)* was announced in June 2002 in which I applied and I was subsequently selected for the position in October 2002.

| POSITION | ANNOUNCEMENT # | RATING | SELECTED | NON-SELECTED |
|---|---|---|---|---|
| Claims Officer | 68-01 | 76.292 | | X |
| Admin Assistant | 73-01 | 76.167 | | X |
| Stevedore Leader | 31-01 | 77.646 | | X |
| Stevedore Supervisor I | 49-01 | 74.667 | | X |
| Buyer II | 65-01 | 79.500 | | X |
| Program Coordinator II | 02-02 | 72.333 | | X |
| Admin Aide *(Under filling Marine Traffic Controller)* | 14-02 | 79.167 | X | |

As stated above, I was fully qualified for all of the above positions but only selected as stated for the AA, (pay grade F) which was not an advancement but, rather a same grade switch (lateral conversion until the requirements of the MTC were fulfilled). In order for me to become an




## GOVERNMENT OF GUAM

### CIVIL SERVICE COMMISSION
### KUMISION I SETBISION SIBIT
2nd Floor Reducción Bldg
E.T. Calvo Way, Tamuning 96913
P.O. Box 3156 Hagatna, Guam 96932
Tel: 647-1855 Fax: 647-1867

**CSC NO. 05-122**                                  **January 3, 2005**

**TO:**        General Manager
              Jose D. Leon Guerrero Commercial Port

**FROM:**      Executive Director

**SUBJECT:**   **Merit Promotion Plan**

*Hafa Adai!* The Civil Service Commission received your memorandum on December 28, 2004 requesting for guidance in the application of **Section 2, Chapter VI. Miscellaneous Provisions, Public Law 27-106** on the Commercial Port's "Merit Career Plan".

The above law placed a government-wide moratorium on reclassifications and above step recruitment with certain exceptions, effective October 1, 2004 through September 30, 2005.

The Commercial Port's Personnel Rules and Regulations identified the "Merit Career Plan" as a recruitment process in which an employee at an earlier date was selected for a position with a known promotion potential as documented in the original job announcement. The "Merit Career Plan" is a promotional action and not subject to the government-wide moratorium imposed by Public Law 27-106.

Should you have any questions please contact Mr. Daniel Leon Guerrero, Personnel Management Analyst III, Mr. Juan K. Calvo, Personnel Management Administrator, or myself at 647-1855. *Si Yu'us Ma'ase.*

*Senseramente,*

**VERNON P. PEREZ**

**Chrono: VPP:JKV:DDLG:rgp:056385**

Port Authority of Guam
*Jose D. Leon Guerrero Commercial Port*
Harbor Master Office
1026 Cabras Highway, Suite 201
Piti, Guam 96915

1 March 2005

Mr. Timothy Riera
Director
U.S. Department of Labor
Equal Employment Opportunity Commission
Prince Kuhio Federal Building, Rm. 7123A
P.O. Box 50082
Honolulu, Hawaii 96850-0051
(808) 541-3120

Subject:     EQUAL EMPLOYMENT OPPORTUNITY (EEO) DISCRIMINATION

The attached documents are hereby provided for your review and action. I have been working here at the Port Authority of Guam since November 1997 starting as a Stevedore. As stated in the attached documents, I applied for a number of positions in October 2001 in which I was not selected. I was selected for my current position (Administrative Aide, Step F) in October 2002 with the understanding that I would be promoted to the position of Marine Traffic Controller (Step J) upon receiving my license for the position.

I received my license and provided a copy in January 2003 to the Port's Human Resources office. Upon their review, HR completed a Merit Promotion Evaluation Sheet indicating that I met the qualifications of the position and that it had been budgeted in the Port's financial budget plan for FY2003.

I contacted the Guam Civil Service Commission this date and requested from their office if they had received a letter from the Port requesting reclassification status on my promotion to Marine Traffic Controller. Mr. Danny Leon Guerrero, Personnel Management Analyst III indicated that they had received a letter from the Port and that the Civil Service Commission had responded back to the Port on 3 January 2005.

Please be advised that the Port has yet to provide any status from the response received from the Commission however, I have received a faxed copy of the letter Guam Civil Service Commission had sent to the General Manager of the Port on the above date indicating that I was not under the purview of Government of Guam Public Law 27-106 and that I should have been promoted immediately upon receiving my license for the position of Marine Traffic Controller.

I have additionally contacted the Guam Department of Labor and discussed this issue with its Director, Ms. Maria Connelly. She indicated that she would contact the General Manager of the Port to discuss this indicating that her office did not have jurisdiction over the Port because of it being an autonomous agency within the Government of Guam. She did however indicate that she would try and discuss this issue further with his office to see if some resolution could be made.

The attached information that I have provided is as complete as possible only due to the information that was received from the Human Resources Office. As I have stated in the attached documents, the proof of discrimination is evident to see. A thorough investigation/audit of this agency would yield the entire spectrum of abuse that has been going on here and what I have endured over my entire tenure at the Port Authority of Guam.

Your review and action from the documents I have provided and possible on-site inspection by your investigators will yield a favorable decision on my behalf.

Should you require any additional information, I can be reached at (671) 477-8697 direct or at my home number (671) 565-4680.

Respectfully submitted,

Anthony Q. Sanders
Administrative Aide
(Underfilling Marine Traffic Controller)

Attachments

Port Authority of Guam
*Jose D. Leon Guerrero Commercial Port*
1026 Cabras Highway, Suite 201
Piti, Guam 96915


28 January 2005


To:        Director, Civil Service Commission
           Director, Government of Guam, Department of Labor
           U.S. Department of Labor (Employee Relations)

From:      Mr. Anthony Sanders, Administrative Aide

Subject:   DISCRIMINATION

---

I submit this discrimination letter of request for assistance due to the continued rejections that I have received from the management here at the Port Authority of Guam. I feel that I am being discriminated against due to the information that I have provided below.

I'll start this discrimination letter off with a brief summary of how I have arrived at this point in my career. I received employment status with the authority in November 1997 after completing twenty (20) years of faithful and honorable service to the U.S. Navy. I accepted my first position as a stevedore in November 1997 at Step 1 (F series). For my first four years, I felt that working as a stevedore was the correct move. Upon receiving notice that positions were being announced in 2001, I applied for 6 different positions in which I qualified for all, but, unfortunately, not selected, as listed below.

The Administrative Aide *(under-filling a Marine Traffic Controller)* was announced in June 2002 in which I applied and I was subsequently selected for the position in October 2002.

| POSITION | ANNOUNCEMENT # | RATING | SELECTED | NON-SELECTED |
|---|---|---|---|---|
| Claims Officer | 68-01 | 76.292 | | X |
| Admin Assistant | 73-01 | 76.167 | | X |
| Stevedore Leader | 31-01 | 77.646 | | X |
| Stevedore Supervisor I | 49-01 | 74.667 | | X |
| Buyer II | 65-01 | 79.500 | | X |
| Program Coordinator II | 02-02 | 72.333 | | X |
| Admin Aide *(Under filling Marine Traffic Controller)* | 14-02 | 79.167 | X | |

As stated above, I was fully qualified for all of the above positions but only selected as stated for the AA, (pay grade F) which was not an advancement but, rather a same grade switch (lateral conversion until the requirements of the MTC were fulfilled). In order for me to become an MTC, it was made known to me that I would be under-filling as a Marine Traffic Controller (MTC) until such time I was qualified (issuance of FCC license).

Upon successfully acquiring my license, in which I took the test in December 2002 and received my license on January 18, 2003 certificate dated January 10, 2003, I forwarded a copy to the Human Resources Office on or about the same date.

Human Resources section did not respond to my license until February 18, 2003 (see attached letter PERS03-49. In that letter, Human Resources Administrator indicates that based on the attached classification review, I met the qualification requirements of the MTC position. Human Resources Administrator additionally recommended that my position be reallocated to a MTC effective from the date of the Interim General Managers approval. Please note that the position of MTC had also been approved and budgeted for during the financial budget meetings for fiscal year 2003, as indicated on the Merit Promotion Evaluation Sheet (attached).

The Merit Promotion Evaluation Sheet indicated that I had met the qualification requirements for the Marine Traffic Controller position 11 February 2003. The copy provided was not signed (approved or disapproved) by the Interim General Manager.

On March 10, 2003, Human Resources Administrator sent inter-office memorandum to the Harbor Master regarding Merit Promotion. This memorandum indicated that the Harbor Master was to certify the accuracy of the duties assigned and to provide a performance evaluation report to determine my eligibility for the promotion to Marine Traffic Controller.

The performance evaluation for merit promotion was completed and signed on March 14, 2003 indicating that my rating was satisfactory.

The Harbor Master (Francisco G. Santos) submitted a letter to the Interim General Manager dated 14 March 2003 indicating that I had completed the required training with regards to the Harbor Master's office functions along with the evaluation report indicating the same. It must be noted that other MTC's have been advanced upon successfully acquiring their FCC license.

An inter-office memorandum dated 30 April 2003 was forwarded to the Harbor Master indicating that "pursuant to their discussion", HR was returning the previous certification (14 March 2003 letter). It appears that there would be some shenanigans going on here due to the non-content of the memorandum as sent to the Harbor Master. It would seem that discussion was made after the Harbor Master had already indicated previously that I was qualified in most all aspects of the requirements of the MTC position.

On May 6, 2003, the General Manager forwarded an inter-office memorandum indicating that due to Public Law 26-152 placing moratorium reclassifications I would not be promoted until the moratorium was lifted. *I know for a fact that other individuals at the Port Authority of Guam have been advanced in various positions all the way up through November 2002 when the moratorium was supposedly in effect. (CSC must have to request from Human Resource Office for certain positions (Program Coordinators IV's, Buyer II, Maintenance Manager, etc.) in order to verify this claim.*

In response to the aforementioned paragraph above, the Harbor Master submitted an inter-office memorandum dated 9 May 2003 indicating that I've had problems inputting information into the GTS system. Please rest assured that after being assigned to the Harbor Master's office for more than seven (7) months, I was more than proficient at inputting information into the GTS system. It should be noted also that I was docking vessels prior to receiving my license in January 2003 (review of Harbor Master Office log required).

**Question: How can the Harbor Master indicate that I'm qualified at one point and then turn around two (2) months later and say that I'm not?**

The Harbor Master submitted another inter-office memorandum on 14 July 2003 indicating that I have been under-filling the MTC position for several months and has proven my ability to perform all duties of the position. As I have stated previously, I feel I was qualified for the position upon receiving my license in January 2003 and should be paid retroactive from January 2003. All other individuals that qualified for the position of MTC upon receiving their license were paid from the effective date of their license. Please review their service jackets for clarification.

On July 22, 2003, the Interim General Manager forwards inter-office memorandum to the Harbor Master indicating that there was a moratorium on reclassifications in effect since October 1, 2002 indicating that all merit promotions will be held in abeyance.

On September 27, 2004, the General Manager forwarded a letter to all employees that effective this date, the Assistant Port Police Chief was advanced to her current position as Chief of the Port Police. This advancement date was **clearly** before the effective date of the law authorizing commencement of increments. I mean no disrespect to the Port Police Chief, but your review of the documents provided will substantiate the allegations made in this letter *(may required additional investigation into Human Resource Office file)*.

As stated above, other employee advancements have also been authorized at the Port prior to the law authorizing increments which was lifted on October 29, 2004.

Another performance evaluation was submitted on 8 November 2004 indicating highly satisfactory. This evaluation was submitted in order to provide for the one step increment.

On November 10, 2004 a memorandum was sent to the Director, Civil Service Commission, requesting clarification of reclassification of my position (MTC) which I am under-filling as an Administrative Aide. This memorandum is a complete let down. The Human Resources Administrator has been with the Port Authority for more than 25 years and she has to ask to the civil service commission if your agency considers merit promotions as a reclassification. For the Human Resources Administrator provide a letter to the civil service commission would seem that she doesn't know her own job that she has been in as stated above *(more than twenty (25) years)*.

Is it because I'm not of the same flavor that most other individuals at the Port have been advanced to various positions and I still only received *(due primarily to the public law recently approved)* a one (1) step increment for the Administrative Aide position?

I submit this discrimination request for assistance because of the continued avoidance of the Port Authority of Guam's Human Resources Administrator, General Manager and the Deputy General Manager in providing me with just cause for not being advanced to the position of MTC. I have endured more heart-ache and stress because of not being advanced. I have a family of six (6) that I have to support and the money that I'm currently making has placed a major hardship on me and my family. I have recently received my 2002-2003 income tax to off-set some of the burden but, it is still not enough. My family has endured much strain ever since I applied for this position. Of all the other positions that I was fully qualified for and not selected, I have endured marital stress from my wife because of what the Port has put me through with this position.

In closing, I would like to state that I retired from the U.S. Navy after serving 20 years of faithful and honorable service. I took a considerable drop in pay to work here at the Port to support my family and my family and I have endured great pain from this exercise that we've continued to receive from the Port Authority of Guam.

I have enclosed a copy of my resume for which I used when I first applied for a position at the Port in 1997. I was only selected for the position of stevedore after numerous attempts to secure a government position. I applied at other government agencies but was only fortunate to be selected at the Port.

Through all of this, my family (particularly my wife) has been constantly at my ear on a daily basis asking me to find out what the hell is going on with my promotion. The Port Authority throughout this has not given me any response except that they are checking with your office to ascertain if I'm qualified to have the position reallocated to become an MTC. As I have stated above, the position was budgeted during the 2003 financial budget meetings.

The Port Human Resources Administrator (Ms. Vivian Leon) has continued on several occasions *"told me that I should talk to my senators to release the increments".* Now that they (my senators) have released the increments, I still cannot receive the promotion that I feel that I strongly deserve which must be retroactive from January 2003.

It is unfair to me that I have to submit this discrimination letter request for assistance to your office for something that should have been taken care of more than two (2) years ago but, I have waited long enough and there is no other recourse that I can take.

It is requested that through the Civil Service Commission, Government of Guam Department of Labor, and U.S. Department of Labor intervention, clarification with regards to my position will render a judgment in my favor. I hope that the information that I have provided during the course of your investigation should be enough to merit myself being promoted to the position of MTC and to be paid retroactively from January 2003.

**It has to be noted that since January 2003, I have performed all duties of Marine Traffic Controller and not that of an Administrative Aide.** After thorough review of the pertinent documents and whatever additional information that you may require via the Human Resources Office and the Harbor Masters Office (official log entries), Civil Service Commission, Government of Guam, Department of Labor, and the U.S. Department of Labor will render its decision favorably.

It is additionally requested that should any of the departments find merit of discrimination on the part of the general manager, deputy general manager, human resources administrator, and the harbor master, it is requested that they be removed from their positions until a thorough review of the human resource practices and the practices of the senior management are conducted here at the Port to ensure that this will not happen to anyone else within the authority.

Submitted sincerely,

Anthony Q. Sanders
Administrative Aide (Under-Filling MTC)

# EXHIBIT "B"



U.S. Department of Justice

Civil Rights Division

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphome.html

## NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-91-9

OCT 30 2006

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Anthony Saunders
Post Office Box 827
Hagatna, GU 96932

Re: Anthony Saunders v. Port Authority of
Guam, EEOC No. 378-2005-00421

Dear Mr. Saunders:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious. You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Honolulu Local Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Timothy A. Riera, Director, EEOC, 300 Ala Moana Blvd., Rm. 7-127, Honolulu, HI 96850.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By: William B. Fenton

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Joseph Duenas
Port Authority of Guam

Port Authority of Guam
Jose D. Leon Guerrero Commercial Port
Harbor Master Office
1026 Cabras Highway, Suite 201
Piti, Guam 96915

7 October 2006

United States Department of Justice
Employment Litigation Section
Civil Rights Division
Room 4239
950 Pennsylvania Ave., N.W.
Washington, DC 20530

Subject:    EQUAL EMPLOYMENT OPPORTUNITY ADDITIONAL
INFORMATION RE - EEOC Charge No. 378-2005-00421
ANTHONY QUINN SANDERS, 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

As I have just recently been informed, it is my understanding that my case has been forwarded to DOJ for further litigation. In reference to my last letter dated 26 September 2006, which I forwarded to U.S. EEOC, the agency has recently forwarded the attached documents to me to reverse the discrepancies caused by the former general manager, deputy general manager, and the current HR Administrator. I just received these documents this date. It should be noted that in my opinion, this clearly shows the discrimination that has befallen me during this entire process and now the agency has back-tracked my pay to March 01, 2003 by the above mentioned individuals.

To correct the problems that have existed here at this agency for far too long, in addition to me seeking a judgment as stipulated in my last correspondence, I would request that a formal inquiry be conducted through your office and a thorough investigation of all personnel actions be reviewed. This will show the continued discrepancies that have plagued this agency not just during the time I've been employed here, but even prior.

Also, the attached letter from the current general manager indicates that my promotion date will be effective on 01 March 2003. As I stated in my previous correspondence to your office, the effective date should be 18 January 2003 vice 01 March 2003. This would be in line with all other Marine Traffic Controllers that are assigned. As soon as they received their license from FCC, their effective date of pay would read the same.

The attached personnel actions reflect the agencies attempt to correct the problems that the agency former general manager, deputy general manager, and the HR Administrator had caused. This proves the discrimination theory and as I've stated, the unjust attempt to correct an issue that did not really need to be correct if the former general manager would have signed the document indicated that funding was available, and the position was budgeted. I would not be

sending any information to your office. The issue of discrimination must be looked into here at this agency so that no other person will have to go through this type situation ever again.

Additionally, if you refer back to my initial documents that I provided to the U.S. EEOC office, you can see from all of the positions that I applied for and was denied, that those positions were given to other employees that were less qualified than I was, but still, they received the position, not me. Those positions were applied for a year prior to me applying for the MTC position in 2002. The agency continually has promoted other individuals and those individuals were paid their new pay at the promotion level the following pay period.

The emotional stress, pain, mental distress, and suffering that this issue has had on my family let alone myself, has been overbearing. I would like to seek an additional $2 million in damages for their benefit also.

If you require any further information from me, please feel free to contact me via my email account aqsanders@portofguam.com or anth_sanders50cents@yahoo.com, or via phone (671) 565-0163 (home), or my cell @ (671) 788-8439.

Sincerely,

Anthony Q. Sanders
Marine Traffic Controller

cc:  Mr. Todd Chavez
     Investigator
     U.S. Department of Labor
     Equal Employment Opportunity Commission
     Prince Kuhio Federal Building, Rm. 7-127
     P.O. Box 50082
     Honolulu, Hawaii 96850-0051

Attachment(s)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

Mr. Anthony Saunders
P.O. Box 827
Hagatna GU 96932

Re: Anthony Saunders v. Port Authority of Guam
   EEOC Charge No. 378-2005-00421

Dear Mr. Saunders:

The Equal Employment Opportunity Commission has determined that efforts to conciliate this charge as required by Title VII of the Civil Rights Act of 1964, as amended, have been unsuccessful. This letter constitutes the notice required by 1601.25 of the Equal Employment Opportunity Commission's Procedural Regulations which provides that the Commission shall notify the parties in writing when it determines that further conciliation efforts would be futile or non-productive.

No further efforts to conciliate this case will be made by the Equal Employment Opportunity Commission. Accordingly, we are at this time forwarding the case the Department of Justice (DOJ) for possible litigation.

If you have additional questions you may contact DOJ directly at:

> United States Department of Justice
> Employment Litigation Section
> Civil Rights Division
> Room 4239
> 950 Pennsylvania Ave., N.W.
> Washington, D.C. 20530

If the DOJ decides to bring a civil action under Title VII of the Civil Rights Act of 1964, as amended, you have the right to seek to intervene in such an action. If DOJ decides that it will not bring a civil action under Title VII based on your charge, you will be notified and will receive a Notice of Right to Sue, which will entitle you to sue the respondent under Title VII.

On Behalf of the Commission

9/27/06
Date

Timothy A. Riera, Director
Honolulu Local Office



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

Charge No. 378-2005-00421

Anthony Q. Sanders                    Charging Party
P.O. Box 827
Hagatna, GU 96932

Port Authority of Guam                Respondent
1026 Cabras Highway, Suite 201
Piti, GU 96915

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). All requirements for coverage have been met.

Charging Party alleges that he was denied a promotion to the position of Marine Traffic Controller due to his race, Black.

Respondent denies that it has discriminated against Charging Party.

The EEOC has determined that there is reasonable cause to believe that Charging Party was denied promotion because of his race. Therefore, I have concluded that the evidence of record is sufficient to establish a violation of the above-cited statute.

Respondents are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. If Respondents decline to enter into conciliation discussions, or if for any other reason the Commission's representative is unable to secure an acceptable conciliation, the Director will so inform the parties in writing and advise them of the court enforcement alternative available to the charging party and the Commission.

Investigator Todd Chavez in will be contacting you shortly to begin conciliation discussions.  You can contact Investigator Chavez at (808) 541-3122.

On Behalf of the Commission:

9/7/06

Date

_Timothy A. Pierce (for)_

Olophius Perry, District Director
Los Angeles District Office

Port Authority of Guam
Jose D. Leon Guerrero Commercial Port
Harbor Master Office
1026 Cabras Highway, Suite 201
Piti, Guam 96915


26 September 2006


Mr. Todd Chavez
Investigator
U.S. Department of Labor
Equal Employment Opportunity Commission
Prine Kuhio Federal Building, Rm. 7-127
P.O. Box 50082
Honoulul, Hawaii 96850-0051


Subject:    EQUAL EMPLOYMENT OPPORTUNITY RESPONSE
            EEOC Charge No. 378-2005-00421

In response to our phone conversation on Saturday 02 September 2006, I was really glad to hear from your office in regards to my case against the Port Authority of Guam. Like I stated to you, I thought that your agency had closed my case. The Port may have informed your office that they had begun to pay me as a Marine Traffic Controller as of 16 November 2005, but my pay adjustment was wrong and they did nothing to correct it until now. It really hasn't been corrected properly, as the attached document will reveal.

I was called at my home on the 14th Sept 2006, by Mrs. Francine Rocio from (HRO) informing me that they were supposedly doing a follow up on the merit promotion personnel and to their knowledge, they had given me the wrong pay adjustment. At that point; she quoted: "but this has nothing to do with the ongoing EEOC complaint from Hawaii, that's something that's still pending". As Ms. Francine continued with her conversation with me, I'm thinking to myself, yeah right, all of a sudden they are concerned about my pay status.

I've in closed a copy of my pay document for the last pay period that shows that the Port still paid me my regular hours at the wrong adjustment. It should have read **$13.10** versus $12.41. The retro increase should have been reflected to the increased amount. There is no increase, as you can see. I don't understand why this agency thinks that they can just tell you one thing and turn around and do just the opposite. They may be trying, but that's not enough. It's just supposed to be just fine if they continue to make mistake after mistake.

After much consultation and consideration, I would like the following changes made to your letter dated 13 September 2006. As our conversation of 2 September 2006, mostly caught

me off-guard, I am hereby changing the amount I'm seeking for damages from Three Hundred Thousand Dollars and 00/100 ($300,000.00) to the amount of *Two Million Dollars ($2,000,000.00)*. This amount would relieve me and my family of the suffering, anguish, and pain that this entire episode has caused. I have also indicated this change on the signed document dated 13 September 2006 under case number EEOC Charge 378-2005-00421. Additionally, the date of advancement to Marine Traffic Controller should read 18 January 2003 vice 1 March 2003.

Like I've said before, they (Port) has never bothered to discuss this issue with me to see if it could have been resolved without having to take this measure. If you require any further information from me, please feel free to contact me @ (671) 565-0163 (home), or my cell @ (671) 788-8439.

During my current work week schedule, I can be reached at the times listed below:

Work (671) 477-8697     Tuesday         1600-2400 hrs
                        Wednesday       1600-2400 hrs
                        Friday          0000-0800 hrs
                        Saturday        0800-1600 hrs
                        Sunday          0800-1600 hrs

This work schedule should continue for the foreseeable future. If there are changes to my work schedule, I will inform you of those changes.

Sincerely,

Anthony Q. Sanders
(Marine Traffic Controller)

**From:** TODD CHAVEZ
**To:** Anthony Sanders
**Date:** Wednesday, November 29, 2006 12:29:28 AM
**Cc:** ghenryh_worth@hotmail.com; aqsanders@portofguam.com
**Subject:** Re: REQUEST FOR COPY OF LAST DOCUMENTS SENT

October 28, 2006

Mr. Sanders,

I will forward your request to the Honolulu Local Office for
processing.

-- Todd Chavez

Todd Chavez
Federal Investigator
United States Equal Employment Opportunity Commission
303 East 17th Street, Suite 510
Denver, CO 80203
Telephone: (303) 866-1383
Facsimile: (303) 866-1085
Email: Todd.Chavez@EEOC.Gov

IMPORTANT/CONFIDENTIAL: This message from the Equal Employment
Opportunity Commission and contains information which may be
confidential, privileged, and/or exempt from disclosure under applicable
law. Unless you are the addressee (or authorized to receive for the
addressee), you may not use, copy or disclose to anyone this email or
any information contained in the message. If you have received this
message in error, please advise the sender by replying to
Todd.Chavez@EEOC.Gov and deleting the message.

>>> Anthony Sanders <anth_sanders50cents@yahoo.com> 11/28/06 2:13:30 AM
>>>
Hafa Adai and Aloha Mr. Chavez,

As I am moving forward with my case, I respectfully request that you
please send me a copy of the document that discusses the increased
amount from $300,000.00 dollars to $2,000,000.00 dollars. The document
I'm requesting is the one that I had crossed out the $300K and hand
wrote $2,000,000.00. I inadvertently did not keep a copy of those
documents. I believe that I will need that document as part of my
package to be utilized in my case. Just for an update, the Port has

paid me backpay from March 1, 2003 to present. I requested that payment be made up through the date that I provided my FCC License which was 18 January 2003, but to know avail.

As you had indicated that there should have been an interest rate of 7% - 9% applied to the repayment of those arrears, again, as i've stated above, to no avail. The port has yet to communicate with me as of this date. The other responses that were made from the port was only due to the date of payment of the arrears which extended to an additional week, management stating that they wanted to ensure that correct payment was made to me as their response to an inquiry regarding the delay of payment.

Additionally, I would like to thank you and your office for bringing this issue forward. If you hadn't assisted me in this matter, all would have been lost.

Should you need to discuss any of these issues, please feel free to contact me via the numbers listed below:

(671) 565-0163 - home
(671) 788-8439 - cell

Please get back to me as soon as you can.

Respectfully,


Tony Q. Sanders
Marine Traffic Controller

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

September 13, 2006

CONFIDENTIAL COMMUNICATION FOR
SETTLEMENT PURPOSES

Mr. Anthony Sanders
P.O. Box 827
Hagatna, GU 96932

Re:    Anthony Saunders v. Port Authority of Guam
        EEOC Charge 378-2005-00421

Dear Mr. Sanders,

The Equal Employment Opportunity Commission ("EEOC or the "Commission"), under Title VII of the Civil Rights Act of 1964, as amended, issued a determination of reasonable cause regarding the above-mentioned charge of discrimination.

Based on my conversations with you, it is my understanding that you are seeking the following damages: (1) THREE HUNDRED THOUSAND DOLLARS ($300,000); and (2) changing the effective date of your promotion to Marine Traffic Controller to March 1, 2003, including all necessary changes to your pay, grade and step.

Please read the above-mentioned damages and if you are in agreement with them, please sign and date this document at the bottom of this page and return it to me in the enclosed envelope.

Should you have any questions, please feel free to telephone me at (808)541-3122.

Sincerely,

Todd Chavez
Federal Investigator

My signature below authorizes the EEOC to seek the above-mentioned relief on my behalf. I understand that should conciliation efforts fail, I will be issued a Notice of Right to Sue and must obtain an attorney to proceed in federal court.

| | |
|---|---|
| Anthony Sanders | 20 SEP 2006 |
| | Date |

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

September 13, 2006

CONFIDENTIAL COMMUNICATION FOR
SETTLEMENT PURPOSES

Mr. Anthony Sanders
P.O. Box 827
Hagatna, GU 96932

Re:     *Anthony Saunders v. Port Authority of Guam*
        EEOC Charge 378-2005-00421

Dear Mr. Sanders,

The Equal Employment Opportunity Commission ("EEOC or the "Commission"), under Title VII of the Civil Rights Act of 1964, as amended, issued a determination of reasonable cause regarding the above-mentioned charge of discrimination.

Based on my conversations with you, it is my understanding that you are seeking the following damages: (1) THREE HUNDRED THOUSAND DOLLARS ($300,000), *2,000,000.00 AAS* and (2) changing the effective date of your promotion to Marine Traffic Controller to March 1, 2003, including all necessary changes to your pay, grade and step.

Please read the above-mentioned damages and if you are in agreement with them, please sign and date this document at the bottom of this page and return it to me in the enclosed envelope.

Should you have any questions, please feel free to telephone me at (808) 541-3122.

Sincerely,

Todd Chavez
Federal Investigator

My signature below authorizes the EEOC to seek the above-mentioned relief on my behalf. I understand that should conciliation efforts fail, I will be issued a Notice of Right to Sue and must obtain an attorney to proceed in federal court.

Anthony Sanders                          20 SEP 2006
_____                  _____
Anthony Sanders                          Date